UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| MARTA AGUILAR<br><br>  Plaintiff,<br><br>v.<br><br>HOMECOMINGS FINANCIAL NETWORK, INC.; et al.,<br><br>  Defendants. | 3:11-cv-0142-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Marta Aguilar's ("Aguilar") motion to remand filed on March 22, 1022. Doc. #11.[1]

**I.  Facts and Procedural History**

In July, 2005, Aguilar purchased real property through a mortgage note and deed of trust executed by defendant Homecomings Financial Network, Inc. ("Homecomings"). Eventually, Aguilar defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Aguilar filed a complaint in state court against defendants. Defendant QLS removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, Aguilar filed the present motion to remand. Doc. #11.

---

[1] Refers to the court's docket entry number.

**II.      Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.     Discussion**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

Here, QLS argues that there is complete diversity between the parties because non-diverse defendant Sierra Nevada Funding, Inc. ("Sierra Nevada") is a fraudulently joined defendant whose citizenship cannot defeat the exercise of diversity jurisdiction. A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987);

*Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

In Nevada, the allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

The court has reviewed the documents and pleadings on file in this matter and finds that Aguilar has sufficiently asserted a claim for fraud against non-diverse defendant Sierra Nevada. Aguilar alleges that: (1) Sierra Nevada misrepresented that she was "qualified" for a loan when her income and other financial assets did not support the loan amount; (2) Sierra Nevada failed to disclose that she was being qualified based solely on the expected future equity in the real property; and (3) Sierra Nevada made false representations about her ability to repay the loan. Thus, based on the allegations in the complaint, the court finds that Aguilar has sufficiently stated a cause of action against non-diverse defendant Sierra Nevada, and therefore, there is not complete diversity between the parties. Accordingly, the court shall grant Aguilar's motion to remand.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #11) is GRANTED. The present action, case no. 3:11-cv-0142-LRH-VPC, is REMANDED to the Ninth Judicial District Court for the State of Nevada.

IT IS SO ORDERED.

DATED this 27th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE